# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH THOMAS NEIMY,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-23-0423-I-1 |
| v. | |
| U.S. POSTAL SERVICE,<br>　　　　　Agency. | DATE:  February 23, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Joseph T. Neimy, Crystal, Minnesota, pro se.

Lori Markle, Esquire, and Roderick Eves, St. Louis, Missouri,
　　for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging a reduction in grade or pay for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

By letter dated June 30, 2023, the agency proposed reducing the appellant in grade and pay from his supervisory position as a Supervisor, Customer Services, to a nonsupervisory position as a City Carrier based on a charge of failure to follow instructions. Initial Appeal File (IAF), Tab 8 at 15-17. There is no dispute that the agency did not issue a decision, and the appellant never received a decision on his proposed demotion. IAF, Tab 1 at 5, Tab 8 at 10-11. Nonetheless, effective July 29, 2023, the agency demoted the appellant to a City Carrier position.[2] IAF, Tab 8 at 14. That same day, the appellant filed a Board appeal challenging the agency's demotion action and requesting a hearing. IAF, Tab 1. On appeal, the appellant raised affirmative defenses of disability discrimination, retaliation for prior protected equal employment opportunity (EEO) activity, violation of due process, and harmful procedural error. IAF, Tab 14 at 4-12.

The agency moved to dismiss the appeal for lack of jurisdiction because it had not rendered a decision on the proposed demotion, or to dismiss the appeal as moot because it rescinded the erroneous demotion. IAF, Tab 8 at 4-7, 10-13. The appellant, however, asserted that the Board has jurisdiction over his appeal because the agency actually demoted him—or at least constructively demoted him—by, among other things, reassigning him to a different position, reducing his grade and pay, and changing his duty hours and location. IAF, Tab 15 at 4-8. He also argued that the appeal is not moot because he had not received all his back pay and benefits, and he raised affirmative defenses and requested compensatory damages. IAF, Tab 11 at 4-5, Tab 15 at 4-16.

Because it was not clear that the agency restored the appellant to status quo ante, the administrative judge ordered the agency to provide an update on the

---

[2] The agency alleged that the Human Resources Shared Services Center made an administrative error when it processed and issued the Postal Service (PS) Form 50 reflecting the appellant's demotion. IAF, Tab 8 at 10-11.

appellant's back pay and ordered both parties to address whether the appeal is moot. IAF, Tab 19. In response, the appellant acknowledged that he had received the back pay owed to him but maintained that the appeal was not moot because, among other things, the agency engaged in disability discrimination by failing to accommodate him and retaliated against him for his protected EEO activity. IAF, Tab 20 at 4-6. The agency reasserted that the appeal is moot, citing that it rescinded the erroneous action, paid the back pay to which the appellant was entitled, and ensured that there were no documents or references to the demotion in the appellant's Official Personnel Folder (OPF), thereby providing him with all of the relief that he would have been entitled to in this appeal. IAF, Tab 21 at 4-14.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, concluding that no appealable action occurred to confer the Board's jurisdiction over his appeal. IAF, Tab 25, Initial Decision (ID) at 1, 5.[3] In so finding, she reasoned that the agency did not issue an adverse action decision but instead only issued a PS Form 50, which, in itself, does not constitute a personnel action. ID at 3-4. The administrative judge also determined that the appellant did not nonfrivolously allege that the agency subjected him to a constructive demotion.[4] ID at 4-5. Because of her jurisdictional finding, the administrative judge did not

[3] The January 22, 2025 initial decision identified Amanda L. E. Smith as the appellant's representative, ID at 1; however, Ms. Smith withdrew her representation of the appellant on November 6, 2023, and, since that time, the appellant has been pro se. IAF, Tab 17.

[4] To the extent that the appellant argues that he suffered a constructive demotion, we clarify that to establish the Board's jurisdiction over such a claim, an appellant must nonfrivolously allege that: he was reassigned without a loss of grade or pay; his former position was upgraded; the upgrade resulted from a new or corrected classification standard; and he met the legal and qualification requirements for promotion to the upgraded position. *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001). The appellant failed to allege that any of these elements are present. Thus, to the extent that he reasserts on review that he was constructively demoted, we find that he failed to nonfrivolously allege the Board's jurisdiction over such a claim.

decide whether the appellant had proven his affirmative defenses of disability discrimination or retaliation for EEO activity.[5]  ID at 4-5.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

We vacate the initial decision because the agency's rescission of the appellant's demotion does not divest the Board of jurisdiction over his appeal.

The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board.  *Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010); *Himmel v. Department of Justice*, 6 M.S.P.R. 484, 486 (1981).  The Board has jurisdiction to review an appeal of a reduction in grade or pay.  5 U.S.C. §§ 7512(3)-(4), 7513(d).  At the time the appellant filed his appeal, the agency had, albeit inadvertently, imposed an appealable reduction in grade and pay.  IAF, Tab 1 at 5; Tab 8 at 14.  For the following reasons, we find that the agency's post-appeal, unilateral attempt at rescission did not moot the appeal or otherwise divest the Board of jurisdiction.

An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divesture or unless the agency completely rescinds the action being appealed.  *Vidal*, 113 M.S.P.R. 254, ¶ 4.  When an agency cancels or rescinds an action after the action has been appealed, the Board may dismiss the appeal as moot.  *Id.*  For an appeal to be deemed moot, the agency's recission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed.  *E.g., Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 12 (2009).  There is no

---

[5] The administrative judge also determined that she did not need to address mootness given her finding that the Board lacks jurisdiction over the appeal.  ID at 2 n.1.

dispute that the agency took the following actions: (1) rescinded the appellant's demotion; (2) provided him with all back pay and benefits; and (3) removed the references to the rescinded action from his OPF. IAF, Tab 8 at 10-11, Tab 20 at 4, Tab 21 at 4-5. However, the appellant asserts, as he did below, that his demotion was the result of disability discrimination and retaliation for engaging in protected EEO activity, and he requested compensatory damages. PFR File, Tab 1 at 5-6; IAF, Tab 11 at 4-5, Tab 14 at 4-12, Tab 15 at 4-16.

When, as here, an appellant has outstanding, viable claims of compensatory damages before the Board, an agency's complete rescission of the action appealed does not afford him all the relief available before the Board, so the mere rescission does not render the appeal moot. *See Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 197 (1996). Because disability discrimination and EEO reprisal claims, such as the appellant's, raise possible entitlement to compensatory damages, his demotion appeal could not be dismissed as moot or for lack of jurisdiction on the existing record without adjudication of his affirmative defenses. *See, e.g., Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶¶ 8-19 (2016) (stating that, if an appellant raises a claim for compensatory damages that the Board has jurisdiction to adjudicate, the agency's complete rescission of the action appealed does not afford her all of the relief available before the Board and the appeal is not moot); *see also Lamberson v. Department of Veterans Affairs*, 80 M.S.P.R. 648, ¶¶ 12-14, 36 (1999) (finding that, because the Board initially had jurisdiction over the appeal of the removal action, the agency's post-appeal rescission of that action did not render the appeal moot and the Board retained jurisdiction to adjudicate the appellant's claims of discrimination and retaliation). Thus, the proper remedy here is for the Board to retain jurisdiction and to

adjudicate the appeal on the merits.[6]  *See Price v. U.S. Postal Service*, 118 M.S.P.R. 222, ¶ 8 (2012).

Accordingly, we remand the appeal for further adjudication of the appellant's affirmative defenses.  On remand, the administrative judge shall allow the parties to submit additional evidence and argument and shall hold a hearing, if appropriate, on the appellant's affirmative defenses of disability discrimination based on a failure to accommodate and retaliation for protected EEO activity.  *See Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 9-10 (2016) (remanding the appellant's discrimination claims for a hearing because she raised a cognizable claim of discrimination in connection with an otherwise appealable action and sought compensatory damages).

---

[6] Although the Board retains jurisdiction over the appeal, it adjudicates only the live issues that remain.  *See, e.g.*, *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶¶ 3, 9, 44 (2017) (adjudicating a discrimination claim, but not the underlying removal, where an agency rescinded the removal after the appellant filed her appeal); *Hess v. U.S. Postal Service*, 123 M.S.P.R. 183, ¶¶ 6, 9-10 (2016) (finding that although an agency's removal action was rendered moot by its post-appeal rescission, associated EEO claims by the appellant required adjudication); *Blyther v. U.S. Postal Service*, 112 M.S.P.R. 537, ¶¶ 3, 14 (2009) (adjudicating discrimination and reprisal claims that remained after the agency rescinded the reduction in grade that formed the basis for the appellant's appeal).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.